# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**KENNY FRANKLIN EDMONSON**                                               **PLAINTIFF**

**v.**                                          **No. 3:10CV103-B-A**

**JOSH DALE, ET AL.**                                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

On February 9, 2011, plaintiff Kenny Franklin Edmonson appeared before the court for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

## Allegations

On October 24, 2009, Edmonson had been traveling to meet a Winona, Mississippi club owner to discuss talented artists who might be interested in signing with Edmonson's record label, JX-TOWN ENTERTAINMENT, LLC, based in Tchula, Mississippi. He is the founder and sole shareholder of the company. Edmonson passed through Grenada, Mississippi and decided to look at Kirk Auto for a company vehicle. After talking with the salesmen there, Edmonson decided on a Ford Explorer. He signed the loan papers as CEO/Founder of his company and, as part of the agreement, he left a company check post-dated for October 26,

---

[1] 28 U.S.C. § 1915(g).

2009, with the car company, which he was to replace later with cash or a cashier's check. The employees at Kirk Auto knew that Edmonson did not have sufficient funds in his account to cover the check, as he told them so. They simply asked him if he had a business account and requested the post-dated check for security as "normal procedure." Indeed, the parties to the agreement resorted to this procedure precisely *because* Edmonson did not have the money to provide security for the purchase. Edmonson drove off the lot with the vehicle, but he could not raise the money to cover the post-dated check.

The check did not clear (it was written on a closed account), and Edmonson did not return with cash, a cashier's check, or the vehicle. Kirk Auto Company then filed a criminal complaint against Edmonson for false pretense. Edmonson believed that he was not personally responsible for the bad check, as he was merely a signatory for his company. He was nonetheless arrested on the charge and held in jail from August 17, 2010, to January 20, 2011 – 155 days – until he pled guilty to false pretense. He was sentenced to time served, fined $450.00, and banished from Grenada County for a period of one year. Kirk Auto eventually picked up the Explorer from Edmonson's sister-in-law. Edmonson has not paid for the vehicle.

Edmonson has named thirteen defendants in this case: (1) Josh Dale (Deputy Sheriff); (2) Leon Williams (Justice Court Judge who issued the arrest warrant); (3) Lou A. Hicks (the notary on the charging documents); (4) the Grenada County Board of Supervisors (who allegedly employ the Sheriff); (5) Alton Strider (Grenada County Sheriff); (6) James Henry Carpenter (employee at Kirk Auto who did not hold the plaintiff's check); (7) Michael Woods (the employee at Kirk Auto who drove test-drove the Explorer with the plaintiff); (8) Charles Winters (another Kirk Auto employee); (9) Jimmy Tallant (Justice Court Judge who increased plaintiff's

bond); (10) Brenda Mullen (Justice Court Clerk); (11) Kirk Auto Co.; (12) Jay Gore, III (County Prosecutor and County Attorney – allegedly used as a collection agent for Kirk Auto); and (13) the Mississippi Attorney General – who allegedly permits use of the prosecutor's office as a collection agent for local businesses.

## Claims Presented

Edmonson claims that these defendants worked together to entice him to buy a vehicle – and to secure the transaction with a business check written on an account with insufficient funds to cover the check. Edmonson claims further that the defendant Carpenter knew that funds in the account would not cover the check, but encouraged him nonetheless to complete the transaction. In addition, Edmonson claims that Kirk Auto, Inc. has used office of the Grenada County Sheriff and the District Attorney as a government-sponsored collection agency, using threat of prosecution to coerce debtors to repay their obligations to the favored creditor, Kirk Auto, Inc. Edmonson claims that these facts show that he did not commit the crime of his conviction, false pretense – and that the defendants worked together to coerce his plea of guilty.

## Personal Involvement Required

For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that the following defendants had any personal involvement or were causally connected to the alleged incident in any way: Justice Court Judge Leon Williams; Deputy Clerk Lou A. Hicks; Grenada County Board of Supervisors; Sheriff Alton Strider; Kirk

Auto employees James Henry Carpenter, Michael Woods, and Charles Winters; Justice Court Judge Jimmy Tallant; Justice Court Clerk Brenda Mullen; and the Mississippi Attorney General. This case should therefore be dismissed as to these defendants for failure to state a constitutional question.

## *Heck v. Humphrey*

The plaintiff pled guilty to the charge of false pretense. He wrote a check to Kirk Auto, Inc. on an account which did not have sufficient funds to cover the check; indeed, the account was closed at the time the bank processed the check. He now argues that his plea was coerced as a result of outrageous government conduct – use of a government agency to collect the debt of a private company. The plaintiff thus argues that he is actually innocent of the crime of his conviction. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. The Supreme Court emphasized in *Heck* that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Rather, a § 1983 damage claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not

demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, the plaintiff's success in his claim against all defendants would necessarily draw into question the validity of his conviction or sentence. The plaintiff claims that he is actually innocent. Therefore, he must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. The plaintiff has made no such showing; therefore, this case should be dismissed under the rule set forth in *Heck, supra*.

### The Plaintiff's Claims Fail on the Merits

The plaintiff argues that the conduct of the government in securing his conviction was an abuse of power so agretiou that he is entitled to money damages. "[T]he touchstone of due process is protection of the individual against arbitrary action of government." *County of Sacramento v. Lewis,* 523 U.S. 833, 845-846 (1998). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id.* (quotations omitted). Indeed, to succeed with this claim, the plaintiff must show that "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis,* 118 S.Ct. at 1717 n. 8. If the plaintiff can meet this standard, then the court must next determine whether historical examples exist recognizing the claimed liberty protection with some specificity. *Id.* In the present case, the acts alleged in the complaint are not sufficient to "shock the [] conscience;" as such, the court need not inquire further.

As set forth above, the plaintiff pled guilty to the charge of false pretense. He wrote a check to Kirk Auto, Inc. *on a closed account*. The very purpose of the post-dated check was to

secure the transaction for the vehicle, as Edmonson acknowledged at his *Spears* hearing. When Edmonson could not raise the money required to complete the transaction, he did not return to Kirk Auto, surrender the vehicle, and attempt to make arrangements to either complete the transaction, unwind it, or pay a deficit if the vehicle failed to bring the agreed-upon price at auction. Instead, he kept the vehicle until his arrest, and Kirk Auto later retrieved the vehicle at his sister-in-law's house. Edmonson also acknowledged that he has not made restitution. Even if the salesmen at Kirk Auto used unscrupulous methods to induce Edmonson to purchase the vehicle, Edmonson himself acknowledged the risky terms of the agreement, assumed that risk, and concluded the transaction. As the owner of a business, Edmonson certainly knew the risks involved in writing a check he cannot cover.

Under these facts, the court cannot conclude that the government's decision to prosecute Edmonson for false pretense could "shock the contemporary conscience." *Lewis,* 118 S.Ct. at 1717 n. 8. As such, his claim that the government abused its power by prosecuting him for false pretense.

In sum, for the reasonse set forth above, the undersigned respectfully recommends that this case be dismissed for failure to state a claim upon which relief could be granted.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 12th day of September, 2011.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE